*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GREEN/SHERWOOD, Minors.

UNPUBLISHED
March 21, 2024

No. 367736
Ingham Circuit Court
Family Division
LC Nos. 21-000358-NA;
         21-000360-NA

Before: M. J. KELLY, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her minor children, KG and LS,[1] under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist).[2] We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The children were removed from respondent's care in May 2021 after respondent left them with a boyfriend at a motel, and subsequently got into an altercation with the boyfriend resulting in her removal from the property. Respondent was later hospitalized for mental health, after which she was incarcerated on a weapons charge. While she initially failed to participate in services, respondent began actively participating in some services in November 2021. Petitioner, the Michigan Department of Health and Human Services (DHHS), made various allegations against respondent, including allegations of abuse and neglect. Furthermore, throughout the pendency of the case, the children expressed they did not want to visit with respondent. Consequently, respondent's parenting time was suspended multiple times throughout the proceedings.

Respondent's barriers to reunification were homelessness, mental health, substance abuse, and a weak bond with her children. Respondent was assigned a case service plan, in which she

---

[1] Respondent has another child, AG, but her parental rights to AG were not terminated. This opinion will refer to "the children" when discussing KG and LS, but not AG.

[2] The fathers of the children also had their rights terminated, but are not parties to this appeal.

was partially compliant. However, respondent was required to complete drug screens, but failed to attend many screens. Additionally, the trial court received evidence that respondent's continued interaction with the children was causing psychological harm and regressive behaviors.

DHHS petitioned to terminate respondent's parental rights, and the trial court terminated respondent's parental rights after finding statutory grounds for termination existed under MCL 712A.19b(3)(c)(*i*), and that termination was in the children's best interests. This appeal followed.

## II. STATUTORY GROUNDS

Respondent argues the trial court erred by terminating her parental rights under MCL 712A.19b(3)(c)(*i*). We disagree.

## A. STANDARD OF REVIEW

"This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014) (footnote and citations omitted); MCR 3.977(K). "The trial court's factual findings are clearly erroneous if the evidence supports them, but we are definitely and firmly convinced that it made a mistake." *White*, 303 Mich App at 709-710. We must not "substitut[e] [our] judgment for that of the trial court," *In re Hall*, 483 Mich 1031, 1031; 765 NW2d 613 (2009), and we should consider the trial court's special opportunity to evaluate the credibility of witnesses. MCR 2.613(C); *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

## B. LAW AND ANALYSIS

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). While DHHS sought termination under multiple statutory grounds, the trial court only made findings under MCL 712A.19b(3)(c)(*i*), which permits terminating parental rights if "182 or more days have elapsed since the issuance of an initial dispositional order," and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age."

The conditions which led to the adjudication were respondent's homelessness, mental health concerns, substance abuse, and weak bond with her children. The trial court found statutory grounds for termination because respondent had not adequately rectified her substance abuse issues. This finding is supported by the record, which shows respondent failed to comply with several drug screens, failed to call the facility at all after mid-April 2023, and was terminated from the drug-screening service in June 2023. She also tested positive for various controlled substances. Thus, there is no clear error in the trial court's finding of statutory grounds for termination. While respondent argues she received "false positives" and that she rectified her substance abuse issues on appeal, these assertions are simply unsupported by the record and fail to explain why respondent did not appear for some required screens.

Respondent also claims that she made significant strides towards addressing her mental health and housing concerns. But, as noted, there was sufficient evidence of respondent's

substance abuse issues. It was therefore not an error for the trial court to conclude there were sufficient grounds for termination because the conditions existing at the adjudication persisted.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron